IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KEVIN MARK MCFARLAND,

    Plaintiff,

v.

STATE OF OREGON, COUNTY OF LANE,
LANE COUNTY CIRCUIT COURT,
PATRICIA PERLOW, and DEBORAH STOLL,

    Defendants.

6:19- cv-01066-MK
**OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff, Kevin McFarland, has filed a Motion for Temporary Restraining Order (doc. 8) ("TRO") against defendants seeking a TRO and Preliminary Injunction enjoining all proceedings in Lane County Circuit Court Case No. 18CR33889. For the reasons set forth below, plaintiff's motion is DENIED.

As far as the Court can discern from Plaintiff's submissions, he is currently facing charges of "Unauthorized Use of a Motor Vehicle, Elude by Vehicle, Reckless Endangering, Interfering with Police, Resisting Arrest, and Criminal Mischief 2 as

a result of incidences that occurred on or around 05/19//2018." Pl's. Ex Parte Mot. for TRO at 51. Plaintiff has filed suit in this Court against the State of Oregon, Lane County Circuit Court, and various state actors, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* ("ADA"). Plaintiff complains that he made twelve requests for accommodations under the ADA related to his autism spectrum disorder with the Lane County Circuit Court, three of which were granted. Pl's. Ex. Parte Mot. for TRO at 36. He also complains that the presiding judge in his state court case erred in finding, after an adversarial hearing, that plaintiff was competent to proceed in participating and assisting in the defense of his criminal case.

Initially, the Court notes that the same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiffs favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def. Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, an emergency temporary restraining order may be entered without notice. *See* Fed R. Civ. P. 65(b)(l)(A) (restricting availability of

*ex parte* temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

Normally, the Court would examine plaintiff's motion through the prism of the factors outlined in *Winter*. However, plaintiff seeks an order enjoining state court criminal proceedings. Requests for such injunctive relief implicate federalism and comity concerns. In recognition of those concerns, Congress has broadly forbidden federal courts from staying state court proceedings through the Anti-Injunction Act ("AIA"). *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). It is unclear whether the ADA is a recognized exception to AIA. *See Gunter-Ritter v. Robarts Properties, LP*, 2018 WL 2388804, at *2 (E.D. Cal. 2018)

Nonetheless, even if an action brought under the ADA is an exception to the AIA, "the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding" still apply when considering whether to award such injunctive relief. *See also Younger v. Harris*, 401 U.S. 37, 43–49 (1971) (enunciating the principles of federal abstention in the context of ongoing state criminal prosecutions). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise

constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Sprague v. Oregon*, 2007 WL 1138462, *4 (D. Or. April 16, 2007). Exceptions to the *Younger* abstention doctrine are permitted, however, where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief. *Mitchum*, 407 U.S. at 230.

Here, the state criminal proceedings are ongoing, and plaintiff has been informed of his rights to pursue grievances through the Oregon Justice Department ADA grievance process. It is unclear whether he has pursued or exhausted remedies through this process. The Court also finds that for the purposes of the extraordinary relief sought here, plaintiff has failed to show that any of the exceptions to *Younger* apply in this case. While the Court is not insensitive to the needs of defendants with autism, the mere fact that a defendant must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered irreparable in the special legal sense of that term."). Further, there is no showing that the state law under which defendant was charged patently violates the U.S. Constitution. A review of the motion and complaint fails to reveal any bad faith or harassment that would justify federal interference in the underlying state proceedings. Finally, the Court finds

that there are no other unusual or extraordinary circumstances that require granting plaintiff's requested relief at this time.

Setting aside the concerns noted above, the motion would still be denied based on the factors outlined in *Winter*. Plaintiff has not shown a sufficient likelihood of success on the merits of this case. Further, an emergency injunction is likely not in the public interest for the reasons underlying the *Younger* abstention doctrine and the AIA. Thus, based on the record, the Court declines to grant the extraordinary relief requested by plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Emergency Ex Parte Motion for TRO (doc. 8) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of August 2019.

_____
ANN AIKEN
U.S. District Judge